UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff/Respondent,

-v-

No. 1:05-cr-293

HONORABLE PAUL L. MALONEY

CASS BETHEA,
        Defendant/Petitioner.

OPINION AND ORDER DENYING 28 U.S.C.§ 2255 MOTION

Cass Bethea ("Petitioner") pleaded guilty in 2006 to possessing, with the intent, to distribute five grams or more of crack cocaine. As part of his plea bargain, the government agreed "[n]ot to file an Information, pursuant to Title 21, United States Code, Section 851, seeking to enhance the Defendant's sentence based on his prior drug conviction(s)." (Dkt. No. 28 - Plea Agreement ¶ 6D.) When the probation office prepared the presentence investigation report ("PSIR"), Petitioner was determined to be a career criminal, under section 4B1.1 of the sentencing guidelines, based on two prior felony drug traffic convictions. As a result, Petitioner's base offense level was adjusted from 26 to 34, and his criminal history category was increased from level III to level IV. Prior to sentencing, Petitioner objected to the career offender enhancement, asserting the supporting documents for his 1999 state court conviction for maintaining a drug house were insufficient to establish the second prior felony drug conviction. The sentencing judge discussed the relevant federal and state law and overruled Petitioner's objection.

Petitioner filed notice of appeal asserting his sentence should not have been enhanced as a career offender. Petitioner's counsel filed an *Anders* brief.[1] In an unpublished order, the Sixth

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

Circuit Court of Appeals held Petitioner waived his right to appeal both his conviction and his sentence through the plea bargain. *United States v. Bethea*, No. 06-2148, at *2 (6th Cir. Aug. 29, 2007). Nevertheless, the court considered and rejected Petitioner's argument. The court held there was sufficient information to support the district court's decision to sentence Petitioner as a career offender. *Id.* The court specifically noted "the defense was provided with the charging document and judgment in his prior case. Moreover, the court properly looked to the statutory definition of his prior offense to determine it was a controlled substance offense, as required by § 4B1.1." *Id.*

In this petition, Bethea argues the proper documents for the career offender enhancement were never found. Petitioner explains the court never secured the transcripts or the written plea in order to correctly determine whether he should be enhanced as a career offender. Petitioner argues, whenever afforded the opportunity, that the plea bargain prohibits him from being sentenced on the basis of his prior convictions.

STANDARD OF REVIEW

This court must vacate, set aside or correct a sentence if a prisoner shows the sentence he or she serves was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, a prisoner seeking relief under § 2255 must allege (1) an error of constitutional magnitude, (2) a sentence was imposed outside the federal statutory limits, or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-497 (6th Cir. 2003)). To merit relief under section 2255, "a petitioner must demonstrate the existence

of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abramson*, 507 U.S. 619, 637 (1993)). Where the alleged error is not constitutional, the petitioner must show the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 353-54 (1994) (quoting *Stone v. Powell*, 428 U.S. 465, 477 n. 10 (1976) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962))))).

ANALYSIS

Petitioner is not entitled to relief. First, through his Plea, Petitioner waived any right to appeal or collaterally attack his conviction or sentence "on any grounds whatsoever." (Plea Agreement ¶ 9.) The terms of the Plea explicitly stated a PSIR would be prepared and that the court would "determine the facts and calculations relevant to sentencing." (*Id.* ¶ 7.) The sentence to be imposed was "within the sole discretion of the Court." (*Id.*) Furthermore, "disagreement with the guideline range or sentence shall not constitute a basis for withdrawal of the plea." (*Id.*) The Sixth Circuit concluded Petitioner's plea was made voluntarily and knowingly. *Bethea*, No. 06-2148, at * 2.

The use of Petitioner's prior convictions to enhance his sentence does not constitute a violation of the plea bargain. The Sixth Circuit Court of Appeals has recognized a distinction between 21 U.S.C. § 851, the statutory sentence enhancement, and U.S.S.G. § 4B1.1, the sentencing guidelines enhancement. *See United States v. Meyers*, 952 F.2d 914, 917-19 (6th Cir. 1992); *see also United States v. Warwick*, 149 F.App'x 464, 470 (6th Cir. 2005) ("§ 851 applies in cases involving statutory sentencing enhancements, but not sentencing enhancements under the

3

Guidelines."); *United States v. Brannon*, 7 F.3d 516, 521 (6th Cir. 1993) ("Because defendant's sentence was enhanced under U.S.S.G. § 4B1.1, the notice requirements of 21 U.S.C. § 851(a)(1) are inapplicable."); *United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993) ("[B]ut the requirements of § 851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines."). Here, the Government lived up to its end of the plea bargain and did not file an information seeking the statutory enhancement under § 851(a)(1) for Petitioner's prior convictions. Rather, the court concluded Petitioner was a career criminal under the sentencing guidelines and enhanced Petitioner's sentence under § 4B1.1. The court's determination that Petitioner should be sentenced as a career offender is not a basis for withdrawing his plea. *See United States v. Pittman*, 72 F.App'x 244, 246 (6th Cir. 2003) (involving a defendant who pleaded guilty to a controlled substance charge and, when faced with a sentence enhancement as a career offender under the sentencing guidelines, sought to withdraw his plea).

Second, the sentencing court and the Sixth Circuit have already considered and rejected Petitioner's claim. Petitioner insists the probation office and the sentencing court relied on the wrong charging document. Petitioner offers nothing to support that claim other than his own assertion. This argument was raised at sentencing. (Dkt. No. 39 - Def. Sentencing Memorandum, 4; No. 48 - Sentencing Transcript, 6-7). The sentencing court identified the charging document, which was provided to both parties. (Sentencing Transcript, 7.) This argument was raised on appeal. The Sixth Circuit rejected the argument, specifically noting "the defense was provided with the charging document and judgment." *Bethea*, No. 06-2148, at * 2. The circuit court also found the sentencing court properly looked to the statutory definition of the offense to determine it was a controlled substance offense. *Id.* This court is bound by the determination of the appellate court

4

under the law of the case doctrine. *See Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005) ("'The gist of the [law of the case] doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case.'") (quoting *Int't Union of Operating Eng'rs, Local Union 103 v. Indiana Const. Corp.*, 13 F.3d 253, 256 (7th Cir. 1994)).

CONCLUSION

Petitioner Bethea is not entitled to relief under 28 U.S.C. § 2255. Through the plea bargain, Petitioner waived his right to collaterally attack the conviction and sentence. Petitioner has not established the government violated the terms of the bargain. Even if Petitioner could overcome this hurdle, Petitioner's argument has already been rejected by the Sixth Circuit.

CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Having reviewed the issues raised in the petition, reasonable jurists could not debate whether the petition should have been resolved in a different manner. Petitioner cannot establish reasonable jurists would diverge on whether he waived his right to appeal or collaterally attack his conviction and sentence. The statutory enhancement and the guideline enhancement are distinct. Even if Petitioner could get past this hurdle, reasonable jurists would not diverge on whether this court has the authority to review the conclusions of the appellate court.

## ORDER

The petition for writ of habeas corpus, filed under 28 U.S.C. § 2255, is **DENIED.**

A certificate of appealability is also **DENIED.**

Date:  January 13, 2010              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge